ROSWELL WICKWIRE and TAMAR his wife, *appellants, vs.* CHAUNCEY CHAPMAN and LUCINDA his wife, *respondents.*

Male relatives of a person dying intestate, who reside out of this state, and who are under the age of twenty-one years, have not a prior right to letters of administration, over adult females of the same degree of kindred residing in this state.

THIS was an application, by the respondents, for letters of administration of the goods, chattels and credits of Eunice Tillotson deceased, to be granted to the said Chauncey Chapman, in right of his wife Lucinda, who is a granddaughter of the deceased. The petition set forth that Daniel Tillotson and Lucy Hickok were children of the deceased, of full age, and also that the appellant Tamar Wickwire, of full age, wife of the appellant Roswell Wickwire, was a daughter of the deceased, and also that Andrew J. Tillotson, Annette Tillotson and John Dimon and Isaac Dimon were grandchildren of the deceased, under the age of 21 years, residing out of this state, and having no general guardian; but did not state whether such minors were over or under the age of 14 years. The citation was directed to the above named persons, who were of full age, and Warren Diver, as special guardian of said minors, as having a prior right to the petitioners to administer upon said estate. On filing the petition for letters, by the respondents, an order was entered by the surrogate appointing Warren Diver special guardian for the minors, without a notice being served on them or their parents, or other persons with whom they resided, of an intention to apply for the appointment of a guardian for them. The citation

was returnable the 29th day of June, 1852, at which time the appellants appeared by their counsel, to show cause against granting letters to the respondent Chauncey Chapman, and objected that the papers and proceedings on the part of Chapman as set forth, did not give the surrogate jurisdiction of the matter so as to authorize the issuing of such letters, as it did not appear by such papers and proceedings that the proper persons having a prior right had been duly served with a citation in said matter, and asked that the matter might be postponed, or stand over till the proper person having a prior right to administer should be duly served with a citation; which objections were overruled by the surrogate, and such ruling excepted to by the counsel for the appellants, and an order was entered by the surrogate directing letters of administration to be granted to said Chauncey Chapman, in right of his wife; from which order this appeal was brought to this court.

*L. Adams,* for the appellants.

*J. C. Cochrane,* for the respondents.

*By the Court,* JOHNSON, J.   It is insisted by the counsel for the appellants, that the administration granted to the respondent Chapman is invalid, on the ground that others having a right prior to his wife were not cited, but that the citation was issued to their guardian, appointed before any citation was issued.

The wife of Chapman was a grandchild to the intestate, of full age.   The petition shows that there are three of the same degree of kindred, residing out of the state, who are males, but under the age of twenty-one years.   All the children of the intestate were duly cited.   Had these males, being infants, a prior right over females who are of full age and whose husbands are entitled to administration in their right?   I think not.   The statute (2 *R. S.* 74, § 27) provides that if any of the persons entitled are minors, administration shall be granted to their guardians. But if none of the relatives entitled, or the guardians of such as are minors, will accept, creditors may apply and be appointed;

and if no creditors apply, then *any other person or persons* may be appointed who are legally competent.

Section 32 excludes persons under the age of twenty-one years from the right to letters, absolutely. But section 33 provides, that if one of the persons who would be otherwise entitled shall be a minor, such letters shall be granted to his guardian, being in all respects competent, *in preference to creditors or other persons.* The result of these various provisions is to give the guardians of infants a prior right over creditors of the estate and other persons having no right to share in the estate, and not over any of the relatives mentioned in section 27, whatever may be the sex or degree of kindred of the minor. It follows that all having prior right were duly cited.

I do not think the objection that the notice was not published in the real state paper was well taken. The proprietors of the paper in which the citation was published were acting under color of an appointment, and at the time were exercising the functions pertaining to the official character, *de facto,* and that is, I think, sufficient.

The decree must be affirmed, with costs of the appeal.